## In the United States District Court for the
## Southern District of New York

| | |
|---|---|
| Kule, LLC, | Case No. 1:23-cv-00756 |
| *Plaintiff,* | |
| v. | |
| Alfwear, Inc., | |
| *Defendant.* | |

### Request for Declaratory Judgment

Plaintiff Kule, LLC ("Kule"), by its attorneys, Blake Perkins, Counsel, and the Sedhom Law Group, PLLC, in support of its request for declaratory judgment against Defendant Alfwear, Inc. ("Alfwear"), alleges on information and belief, except as to allegations concerning Kule and its counsel, which are made upon personal knowledge:

### The parties, jurisdiction and venue

1.      This Court has jurisdiction and venue because both parties conduct business in this District.

2.      Kule is a New York limited liability company with its principal place of business at 130 East 67 Street in New York, New York. Kule also conducts business in this District by, among other things, operating a retail store in Rockefeller Center at 610 Fifth Avenue, New York, New York.

3.      Alfwear is a Utah corporation with its principal place of business at 1635 South 5070 West, Salt Lake City, Utah. Alfwear conducts business in this District by, among other things, selling its goods in the District at the retail stores of others in this District and online.

4.      Kule is filing this request for a declaratory judgment pursuant to United States Code Title 28, Section 2201 and Federal Rule of Civil Procedure 57.

**Facts**

5.    Kule has offered for sale and sold belts, blouses, coats, dresses, gloves, jackets, pants, scarves, shirts, shorts, skirts, sleepwear, socks, sweaters, swimwear, t-shirts, tops, underwear, footwear and headgear in interstate commerce for over twenty years under the common law and federal trademark registrations KULE (the "KULE mark").

6.    During that period Alfwear has been aware of the Kule mark and goods it covers.

7.    Registration number 4076588 at the United States Patent and Trademark Office ("USPTO") for the mark KULE covering those goods was in effect for eleven years, from 2011-22; Registration number 3350076, also covering clothing sold under the KULE mark, was in effect for eight years, from 2006-14 (together "the prior registrations").

8.    Kule has owned common law and federal trademarks for goods and services related to clothing including USPTO Registration numbers 419609, 419610 and 4265665 for over twenty years under the KULE mark. Kule owns trademark registrations in the European Union, the United Kingdom, China, Hong Kong and Japan (together the "related KULE marks").

9.    Alfwear has been aware of the related KULE marks and the goods they cover during that period.

10.    The KULE marks are famous. They have been featured and continue to be featured prominently in the press including major publications as varied as *The New York Times*, *Wall Street Journal*, *Daily Mail*, *Vogue*, *Bazaar*, *Glamour*, *GQ*, *O: The Magazine*, *InStyle*, *Travel & Leisure*, *Refinery29*, *Wmagazine*, *WHOWHATWEAR*, *Lucky*, *Style.com*, *Southern Living*, *ShowBoats*, *Hamptons* and others. Kule was highlighted by Oprah Winfrey as one of her 'favorite things for 2022.'

11.    Kule has rigorously and vigorously defended its marks.

12.    Kule always has used its marks in good faith and without any intent to harm Alfwear.

13.    KULE Registration number 4076588 lapsed solely due to inadvertence during July 2022. On 19 October 2022 Kule therefore filed Trademark Application serial number 97639005 for KULE covering precisely the same goods as its Registration number 4076588 along with a 'request to make special.' (The "KULE application")

14.    USPTO granted the request, expedited the KULE application and published the mark for opposition on 20 December 2022.

15.    Alfwear filed a Notice of Opposition to the KULE application on or about 3 January 2023 (the "Alfwear opposition").

16.    The Alfwear opposition relies on its purported ownership of the marks KÜHL (USPTO registration numbers 1990375 and 3916866), KUHL (registration 4441177) and KUUL (registration 4777532).

17.    Alfwear currently uses a KÜHL mark on, among other things, "Rugged outdoor clothing." Its goods are sufficiently dissimilar to the Kule goods that there is no likelihood of confusion between the marks.

18.    For more than twenty years, no actual confusion has arisen between the KULE and KÜHL marks.

19.    Alfwear trademark registrations at USPTO state that the English translation of KÜHL is 'cool.'

20.    The KULE and KÜHL marks are not pronounced the same way. KÜHL is pronounced like 'cool.'  KULE is pronounced "kewel," like 'jewel.'.  The marks appear different.

21.    The KULE and KÜHL marks do not rhyme, do not have the same meaning and are not foreign translations of one another.

22. Alfwear does not offer for sale any goods or services under the KUHL or KUUL marks.

23. Alfwear improperly maintains a large number of registered USPTO trademarks because it does not offer for sale goods or services under those marks. Some of them are subject to cancellation proceedings in other litigation.

24. Kule counsel has written to Alfwear counsel twice in an effort to resolve this dispute. Alfwear counsel has not responded.

### First request for judgment

25. Kule repeats paragraphs 1-24 of this request.

26. Alfwear has no excuse for the delay in asserting its trademark rights and Kule has relied on that delay.

27. The delay by Alfwear has caused Kule undue prejudice because it made extensive use of its mark for over twenty years before the Alfwear opposition.

28. Kule has made major investments and expansions of its business into the wholesale field, online commerce, catalog and retail stores, and licensing agreements. All those investments and expansions depend on use of its KULE mark on clothing.

29. In a case like this one, where the prior registrations have expired, the period of the unexcused delay begins on the issue date of the prior registration and ends with its expiration. The prior KULE registrations therefore have given Alfwear constructive notice of the KULE mark for sixteen years.

30. The related KULE marks given Alfwear constructive notice of the KULE mark for over twenty years.

31. The failure of Alfwear to object to the prior registrations and its failure to otherwise assert its alleged rights against Kule for over twenty years is an unreasonable delay.

32.     This Court therefore should declare that USPTO may register KULE trademark application serial number 97639005.

### Second request for judgment

33.     Kule repeats paragraphs 1-32 of this request.

34.     Alfwear has acquiesced in the use of the KULE mark, related KULE marks and common law marks for over twenty years.

35.     This Court therefore should declare that the USPTO may register KULE trademark application serial number 97639005.

### Third request for judgment

36.     Kule repeats paragraphs 1-35 of this request.

37.     No likelihood of confusion exists between the KULE mark and any Alfwear mark, as indicated by the fact that no actual confusion has arisen between them for over twenty years.

38.     This Court therefore should declare that USPTO may register KULE trademark application serial number 97639005.

### Fourth request for judgment

39.     Kule repeats paragraphs 1-38 of this request.

40.     The failure of Alfwear to offer goods or services for sale under USPTO Registration number 4441177 renders its KUHL mark invalid.

41.     Maintenance of the mark will harm Kule.

42.     This Court therefore should declare the mark cancelled.

### Fifth request for judgment

43.     Kule repeats paragraphs 1-42 of this request.

44.     The failure of Alfwear to offer goods or services under USPTO Registration number 4777532 renders its KUUL mark invalid.

45.     Maintenance of the mark will harm Kule.

46.     This Court therefore should declare the mark cancelled.

**Sixth request for judgment**

47.     Kule repeats paragraphs 1-46 of this request.

48.     The term "Kühl" applied to "Rugged outdoor clothing" and the other goods it sells under the KÜHL mark associates them with cool weather. The mark therefore is generic and merely descriptive.

49.     Maintenance of the mark will harm Kule.

50.     This Court therefore should declare the mark cancelled.

**Seventh request for judgment**

51.     Kule repeats paragraphs 1-50 of this request.

52.     Hundreds of third party trademarks registered with USPTO cover the same goods as the KÜHL, KUHL and KUUL marks and either commence with or include the terms COOL, KOOL, Kuhl, KUL and KUUL. For that reason and due to its meaning in English, the mark KÜHL and its English translation therefore have become generic and merely descriptive.

53.     Maintenance of the mark will harm Kule.

54.     This Court therefore should declare the mark cancelled.

30 January 2023                          Respectfully,

                                         */s/Blake Perkins*

                                         Blake Perkins, Counsel
                                         26 Broadway 17th Floor
                                         New York, NY 10004
                                         201.320.5712
                                         perkins@blake-perkins.com
                                         Rania V. Sedhom
                                         Matthew Scott
                                         Sedhom Law Group, PLLC
                                         630 Fifth Avenue, Suite 2508
                                         New York, NY 10111
                                         212-664-1600 (tel.)
                                         rsedhom@bespokelawfirm.com
                                         mscott@bespokelawfirm.com
                                         *Attorneys for Applicant*