Trent H. Baker (8799)
**BAKER IP PLLC**
124 South Main Street #3147
Cedar City, UT 84720
Telephone: (801) 618-3359
trent@bakerip.com

S. Brandon Owen (9971)
Adam K. Richards (14487)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
bowen@rqn.com
arichards@rqn.com

*Attorneys for Plaintiff Alfwear, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KULE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALFWEAR, INC., <br><br> Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> Case No. 1:23-cv-00756-RA <br><br> Judge Ronnie Abrams |

Defendant Alfwear, Inc. ("Alfwear") hereby submits this Memorandum in Support of Motion to Dismiss, Transfer, or Stay Amended Complaint for Declaratory Judgment.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 2

III. LEGAL STANDARD .......................................................................................................... 4

IV. ARGUMENT ....................................................................................................................... 6

    A. This Action Should Be Dismissed, Transferred, or Stayed Because It Is an Improper Anticipatory Declaratory Judgment Action. ............................................ 6

    B. The Lack of Progress Weighs Against Applying the First-to-File Rule Here. ...................................................................................................................... 9

    C. Public Policy Weighs Against Applying the First-to-File Rule Here. .................. 10

V. CONCLUSION .................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, No. 14-CV-2792 SAS, 2014 WL 3778200 (S.D.N.Y. July 30, 2014) ................................................................ 9

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474 (S.D.N.Y. 2007) .................................................................................. 9

*BuddyUSA v. Recording Indus. Ass'n of Am., Inc.*, 21 F. App'x 52 (2d Cir. 2001) ...................... 5

*Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350 (S.D.N.Y. 1992) ............. 10

*Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609 (S.D.N.Y. 2013) .................... 9

*Chicago Ins. Co. v. Holzer*, No. 00-CV-1062, 2000 WL 777907 (S.D.N.Y. June 16, 2000) ......... 5

*Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020) .............................. 6

*Crosman Corp. v. Heckler & Koch, Inc.*, No. 08-CV-6034(CJS), 2008 WL 4347528 (W.D.N.Y. Sept. 17, 2008) ............................................................................................ 5, 9

*Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2006) .................................................................... 5

*CV Collection, LLC v. Weworewhat, LLC*, No. 20 CIV. 8623 (PAE), 2021 WL 4942625 (S.D.N.Y. Oct. 22, 2021) ................................................................................................. 6

*Dish Network, L.L.C. v. Am. Broad. Companies, Inc.*, No. 12 CIV. 4155 LTS KNF, 2012 WL 2719161 (S.D.N.Y. July 9, 2012) ............................................................................ 5, 8

*Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002) ....................... 5, 7

*Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215 (2d Cir. 1978) .................................................... 7

*Findwhat.Com v. Overture Servs., Inc.*, No. 02 CIV. 447(MBM), 2003 WL 402649 (S.D.N.Y. Feb. 21, 2003) ............................................................................................... 10

*Great Am. Ins. Co, v. Houston Gen. Ins. Co.,* 735 F. Supp. 581 (S.D.N.Y. 1990) ......................... 7

*Havas Worldwide New York, Inc. v. Lionsgate Ent. Inc.*, No. 15-CV-5018 KBF, 2015 WL 5710984 (S.D.N.Y. Sept. 29, 2015) ......................................................................... 7, 8, 9

*In re Arb. between Griffin Indus., Inc. & Petrojam, Ltd.*, 58 F. Supp. 2d 212 (S.D.N.Y. 1999) .............................................................................................................................. 10

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433 (S.D.N.Y. 2000) ............................................................................................................. 10

*Jaccard Corp. v. This LLC*, No. 15-CV-6248, 2016 WL 9460720 (W.D.N.Y. Apr. 28, 2016) .................................................................................................................................. 9, 10

*Louise Paris, Ltd. & Ross Stores Inc. v. Fabric Selection, Inc.*, No. 17 CIV. 5697 (JSR), 2017 WL 4776734 (S.D.N.Y. Oct. 6, 2017) ............................................................................ 4, 6

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........................................................... 4

*Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, No. 12 CV 3858 KMW JLC, 2012 WL 2065294 (S.D.N.Y. June 7, 2012) ..................................................................... 1, 9, 11

*Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008) .................................... 6

*Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.*, No. 02 Civ. 10338, 2003 WL 21277114 (S.D.N.Y. June 2, 2003) ................................................................................................. 7

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ........... 10

*Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144 (S.D.N.Y. 1995) ......................... 6, 8

*Park W. Galleries, Inc. v. ALP, Inc.*, No. 19 CV 3360-LTS-GWG, 2020 WL 2539079 (S.D.N.Y. May 19, 2020) .................................................................................................... 5

*Peloton Interactive, Inc. v. Lululemon Athletica Canada Inc.*, No. 21-CV-10071 (ALC), 2022 WL 4585812 (S.D.N.Y. Sept. 29, 2022) .................................................................... 5

*Pippins v. KPMG LLP*, No. 11 CIV. 0377 CM, 2011 WL 1143010 (S.D.N.Y. Mar. 21, 2011) ................................................................................................................................... 9

*Pirone v. MacMillan, Inc.,* 894 F.2d 579 (2d Cir. 1990) ............................................................... 7

*Reliance Ins. Co. v. Bend'N Stretch, Inc.*, 935 F. Supp. 476 (S.D.N.Y. 1996) .......................... 5, 7

*Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150 (S.D.N.Y. 1996) ............................... 10

*Scholastic, Inc. v. Daemmrich*, No. 15 Civ. 9550 (VSB), 2017 WL 2484206 (S.D.N.Y. June 8, 2017) .................................................................................................................... 8

*Skiplagged, Inc. v. Sw. Airlines Co.*, No. 21 CIV. 5749 (JPC), 2022 WL 2391999 (S.D.N.Y. June 30, 2022) ................................................................................................ 6, 8

*Skiva Int'l, Inc. v. Minx Int'l Inc.*, No. 15-CV-4580 KBF, 2015 WL 5853854 (S.D.N.Y. Oct. 7, 2015) .................................................................................................................... 7

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ........................................................................... 4

*Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188 (C.D. Cal. 2006) .................................... 11

*Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) .................................................................................................................................. 10

**Treatises**

17 *Moore's Federal Practice* § 111.13[1][c][i] (3d ed. 2007) ........................................................ 1

I.      INTRODUCTION

Attempting to prevent Alfwear from filing suit in Utah, Plaintiff Kule, LLC ("Kule") filed an improper anticipatory declaratory judgment action in this district. Kule's original request for declaratory judgment was defective because this Court lacked (1) subject-matter jurisdiction over Kule's claims, which sought declarations regarding proceedings before the United States Patent and Trademark Office (USPTO), and (2) personal jurisdiction over Alfwear. After the parties' settlement efforts failed, Alfwear moved to dismiss Kule's action and filed a complaint for trademark infringement in Utah (the "Utah Action"). Kule then filed an Amended Complaint that eliminated its defective claims and replaced them with defensive claims for declaratory relief of the type that Kule will likely assert in response to Alfwear's complaint in Utah.

Although generally, where there are two competing lawsuits, the first filed receives priority, it is well established that the first-to-file rule does not apply to an improper anticipatory declaratory judgment action. "Because a 'federal declaratory judgment is not a prize to the winner of a race to the courthouse,' a plaintiff should not be permitted to file 'a preemptive action in order to deprive the "natural plaintiff" of its choice of forum.'" *Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, No. 12 CV 3858 KMW JLC, 2012 WL 2065294, at *2–3 (S.D.N.Y. June 7, 2012) (quoting 17 *Moore's Federal Practice* § 111.13[1][c][i] (3d ed. 2007)). Kule's Amended Complaint for Declaratory Judgment admits that Kule filed this action to preempt Alfwear's threat of legal action, stating: "Kule filed this action on January 30, 2023 a) in response to Alfwear's opposition to Kule's application to re-register its lapsed trademark registration, and b) due to its justifiable and well-founded belief that Alfwear will also follow through on its threats to 'pursue all possible legal action to protect its customers' and initiate a federal court action for trademark infringement." Dkt. 37 ("Am. Compl.") ¶ 59. Because this

1

action is an improper anticipatory declaratory judgment action, it should be dismissed, transferred, or stayed in favor of the trademark infringement action Alfwear has filed in Utah.

**II.     BACKGROUND**

Alfwear is a leading innovator of outdoor lifestyle clothing that began using the trademark KÜHL® by at least 1994. Alfwear is the owner of over fifty United States and International registered trademarks for KÜHL, KUHL, KÜL, KUUL, etc. (hereafter "the KÜHL marks"), including but not limited to United States Registration Numbers 3,916,866 (KÜHL), 4,441,177 (KUHL), 2,765,230 (KŪL), and 4,777,532 (KUUL).

On August 9, 2022, Kule filed a trademark application for use of KULE with clothing. Because the mark includes the letters K, U, and L (pronounced COOL), Alfwear was concerned that use of the KULE mark with clothing would confuse consumers to mistakenly believe that Kule's products are related to Alfwear's well-established KÜHL® brand. Additionally, Alfwear was concerned that any use of the mark KULE would dilute the strength of the KÜHL® brand. Shortly after learning of Kule's trademark application, Alfwear notified Kule of its likely trademark infringement in a cease-and-desist letter. *See* Exhibit 1, Letter from Trent H. Baker to Kule LLC, dated August 24, 2022 (the "Letter").

The Letter demanded that Kule change the name of its company and abandon its U.S. trademark application. *Id*. at 2. For proof of compliance, Alfwear further demanded that Kule send "the electronic abandonment receipt" via email to Alfwear's counsel. *Id*. To advise Kule of Alfwear's intentions if Kule failed to comply with Alfwear's requests, Alfwear notified Kule of "multiple successful trademark oppositions . . . and federal court actions." *Id*. Alfwear also notified Kule that if it did not comply with the demands for changing its name and abandoning its trademark application, then Alfwear would oppose Kule's registration and "pursue all possible legal action." *Id*. Alfwear set a deadline of "10 days" for Kule to respond. *Id*.

2

Kule refused to comply with Alfwear's demands, and the parties began negotiations to resolve their dispute. During these negotiations, Alfwear filed a notice of opposition to Kule's trademark registration. *See* Exhibit 2, Notice of Opposition, filed January 3, 2023. Anticipating an action for trademark infringement in Alfwear's home forum (Utah), Kule hastily prepared a barebones seven-page complaint for declaratory judgment, which it filed in this Court on January 30, 2023. *See* Dkt. 1 ("Compl.").

Kule's Complaint included seven requests for declaratory judgment. Three requests asked that the Court "declare" that the United States Patent and Trademark Office (USPTO) "may register" Kule's trademark application based on Kule's various responses to Alfwear's opposition to Kule's trademark registration (constructive notice, acquiescence, and no likelihood of confusion). *See id*. at ¶¶ 25–38. The remaining four requests asked for declarations that various trademark registrations owned by Alfwear should be cancelled. *See id*. at ¶¶ at 39–54. Kule's request for declaratory judgment was defective. After further settlement negotiations were unsuccessful, on June 26, 2023, Alfwear moved to dismiss Kule's Complaint. *See* Motion to Dismiss, Dkt. 32. On the same day, Alfwear filed a Complaint for trademark infringement against Kule in the United States District for the District of Utah. *See Alfwear, Inc. v. Kule, LLC*, Case No. 2:23-cv-00412-JCB (D. Utah), Dkt. 2, attached as Exhibit 3.[1]

Tacitly acknowledging the defects in its request for declaratory judgment, Kule amended its Complaint to eliminate its defective claims and to substitute in their place claims for

---

[1] Apparently recognizing the defects in its Complaint, Kule, on June 22, requested that Alfwear stipulate to Kule amending its Complaint. Kule did not, however, provide a copy of the proposed amendments. Believing Kule's original claims to be improper and not knowing how Kule planned to amend the Complaint, Alfwear moved forward with filing its motion. Moreover, Alfwear understood that Kule could amend its Complaint under Rule 15 in response to Alfwear's motion to dismiss. As a result, it was unclear to Alfwear why Kule needed a stipulation to file its Amended Complaint.

3

declaratory relief asserting the defenses and counterclaims Kule would likely assert in the trademark action Alfwear had filed in Utah. Indeed, the "redline version" of Kule's Amended Complaint demonstrates that it is an entirely new complaint. *See* Dkt. 35-3, Exhibit C.

In its Amended Complaint for Declaratory Judgment, Kule admits that this action was intended to preempt Alfwear's threat of legal action. Kule acknowledges that Alfwear's Letter "threatened legal action" against Alfwear, *see* Am. Compl. ¶¶ 7–8, 43–44, and that the most likely forum for Alfwear's threatened lawsuit was Utah, *id.* at ¶ 45. Under a heading entitled "Kule's Need for Declaratory Relief," Kule admits unequivocally that it filed its original declaratory judgment Complaint as a preemptive response to Alfwear's threat to initiate a federal lawsuit for trademark infringement: "Kule filed this action on January 30, 2023 a) in response to Alfwear's opposition to Kule's application to re-register its lapsed trademark registration, and b) due to its justifiable and well-founded belief that Alfwear will also follow through on its threats to 'pursue all possible legal action to protect its customers' and initiate a federal court action for trademark infringement." *Id.* at ¶ 59.

### III.  LEGAL STANDARD

"It is well-established that the Declaratory Judgment Act 'confers a discretion on the courts rather than an absolute right upon the litigant.'" *Louise Paris, Ltd. & Ross Stores Inc. v. Fabric Selection, Inc.*, No. 17 CIV. 5697 (JSR), 2017 WL 4776734, at *2 (S.D.N.Y. Oct. 6, 2017) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 278 (1995)). "In deciding whether to exercise jurisdiction in a declaratory judgment action, a Court must consider the relevant 'equitable, prudential, and policy arguments.'" *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007)). "A rush to file first in anticipation of litigation in another tribunal, thereby enabling a potential defendant to choose the forum and governing law by which to adjudicate the dispute, and otherwise to interfere with or frustrate the other party's pursuit of

claims elsewhere, is one of the equitable considerations a court may weigh in ruling on a request for declaratory relief." *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 440 (S.D.N.Y. 2002). Thus, if a declaratory action is filed as "a means of gaining a procedural advantage and preempting the forum choice of the complainant in a coercive action, . . . the coercive suit is given precedence." *Reliance Ins. Co. v. Bend'N Stretch, Inc.*, 935 F. Supp. 476, 478 (S.D.N.Y. 1996).

Although generally, where there are two competing lawsuits, the first filed should have priority, whether to apply the first-filed presumption is a "highly fact dependent" inquiry, and courts should not seek to apply a "bright-line rule" but instead consider "the totality of the events." *Park W. Galleries, Inc. v. ALP, Inc.*, No. 19 CV 3360-LTS-GWG, 2020 WL 2539079, at *3 (S.D.N.Y. May 19, 2020) (quoting *BuddyUSA v. Recording Indus. Ass'n of Am., Inc.*, 21 F. App'x 52, 55 (2d Cir. 2001)); *see also Dish Network, L.L.C. v. Am. Broad. Companies, Inc.*, No. 12 CIV. 4155 LTS KNF, 2012 WL 2719161, at * (S.D.N.Y. July 9, 2012). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2006). Thus, "the first-filed rule does not constitute an invariable mandate." *Crosman Corp. v. Heckler & Koch, Inc.*, No. 08-CV-6034(CJS), 2008 WL 4347528, at *4–5 (W.D.N.Y. Sept. 17, 2008).

"The Second Circuit has held that the filing of a declaratory judgment action triggered by a notice letter is a persuasive indicator of anticipatory conduct." *Peloton Interactive, Inc. v. Lululemon Athletica Canada Inc.*, No. 21-CV-10071 (ALC), 2022 WL 4585812, at *2 (S.D.N.Y. Sept. 29, 2022) (quoting *Chicago Ins. Co. v. Holzer*, No. 00-CV-1062, 2000 WL 777907, at *2 (S.D.N.Y. June 16, 2000)). When a first-filed action is a declaratory judgment action, "district

5

courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action and discretion when considering and applying the first-to-file rule and its equitable exceptions." *Id.* (quoting *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020)). Exceptions to the first-to-file rule are "not rare." *Id.* (quoting *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008)).

When a first-filed action is an improper anticipatory declaratory judgment action, a district court may dismiss the first-filed action "without analyzing the balance of convenience." *Skiplagged, Inc. v. Sw. Airlines Co.*, No. 21 CIV. 5749 (JPC), 2022 WL 2391999, at *2 (S.D.N.Y. June 30, 2022). "This exception to the first-filed rule is designed to protect a party that is 'prepared to pursue a lawsuit, but first desires to attempt settlement discussions.' Such a 'party should not be deprived of the first-file rule's benefit simply because its adversary used the resulting delay . . . to proceed with the mirror image of the anticipated suit.'" *Louise Paris*, 2017 WL 4776734, at *2 (quoting *Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)).

IV.    **ARGUMENT**

    A.    **This Action Should Be Dismissed, Transferred, or Stayed Because It Is an Improper Anticipatory Declaratory Judgment Action.**

"Not infrequently, putative defendants presented with pre-litigation demands in trademark and copyright cases will preemptively file declaratory judgment actions, hoping that their choice of forum will carry[] the day under the first-filed doctrine." *CV Collection, LLC v. Weworewhat, LLC*, No. 20 CIV. 8623 (PAE), 2021 WL 4942625, at *7 (S.D.N.Y. Oct. 22, 2021). Kule's Amended Complaint for Declaratory Judgment admits that Kule preemptively filed suit in response to Alfwear's threats to pursue a trademark infringement action against Kule.

But "the federal declaratory judgment is not a prize to the winner of a race to the courthouse." *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.,* 894 F.2d 579, 586 (2d Cir. 1990); *see also Skiva Int'l, Inc. v. Minx Int'l Inc.*, No. 15-CV-4580 KBF, 2015 WL 5853854, at *1–2 (S.D.N.Y. Oct. 7, 2015); *Havas Worldwide New York, Inc. v. Lionsgate Ent. Inc.*, No. 15-CV-5018 KBF, 2015 WL 5710984, at *3 (S.D.N.Y. Sept. 29, 2015). "If a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining 'home field advantage,' the coercive suit is given precedence." *Reliance Insurance*, 935 F. Supp. at 478; *see also Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.*, No. 02 Civ. 10338, 2003 WL 21277114, at *6 (S.D.N.Y. June 2, 2003) ("Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff."); *Great Am. Ins. Co, v. Houston Gen. Ins. Co.,* 735 F. Supp. 581, 586 (S.D.N.Y. 1990) ( "[T]he misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action."); *Dow Jones*, 237 F. Supp. 2d at 440 ("A rush to file first in anticipation of litigation in another tribunal, thereby enabling a potential defendant to choose the forum and governing law by which to adjudicate the dispute, and otherwise to interfere with or frustrate the other party's pursuit of claims elsewhere, is one of the equitable considerations a court may weigh in ruling on a request for declaratory relief."). Accordingly, this Court should dismiss, transfer, or stay this improper anticipatory action in favor of Alfwear's lawsuit for trademark infringement in Utah.

Alfwear should not be penalized for attempting first to resolve its dispute with Kule through amicable settlement. "Where a party is prepared to pursue a lawsuit, but first desires to

attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit." *Ontel Products*, 899 F. Supp. at 1150; *Havas Worldwide*, 2015 WL 5710984, at *3 ("This is particularly true where, as here, 'a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions.'" (quoting *Ontel*, 899 F. Supp. at 1150)).

The circumstances of Kule's filing of this action weigh heavily in favor of finding this action is an improper anticipatory declaratory judgment action. Kule's initial request for declaratory judgment was only seven pages, despite seeking seven different requests for judgment. Courts have found similarly brief complaints to be "indicative of hasty preparation" and weighed this factor in favor of finding an improper anticipatory action. *See, e.g.*, *Skiplagged*, 2022 WL 2391999, at *4 (dismissing five-page declaratory judgment action); *Dish Network*, 2012 WL 2719161, at *1, *4 (dismissing thirteen-page complaint); *Scholastic, Inc. v. Daemmrich*, No. 15 Civ. 9550 (VSB), 2017 WL 2484206, at *4 (S.D.N.Y. June 8, 2017) (dismissing ten-page complaint). Furthermore, Kule's Amended Complaint completely jettisons every single request for judgment in its original pleading and now substitutes three new requests.

Most significantly, even Kule admits that it filed this action "due to its justifiable and well-founded belief that Alfwear will also follow through on its threats to 'pursue all possible legal action to protect its customers' and initiate a federal court action for trademark infringement." Am. Compl. ¶ 59. Courts view an admission that an action is a preemptive response to be evidence that the action is an improper anticipatory declaratory judgment action. *See, e.g.*, *Skiplagged*, 2022 WL 2391999, at *4 ("Skiplagged explicitly recognized in its Complaint that this case arose from Southwest's threat to sue Skiplagged."); *Scholastic*, 2017 WL 2484206, at *4 (citing Complaint in finding that "Scholastic understood [the email] as an

explicit threat to file a lawsuit forthwith"); *Jaccard Corp. v. This LLC*, No. 15-CV-6248, 2016 WL 9460720, at *3–4 (W.D.N.Y. Apr. 28, 2016) ("Jaccard itself has characterized the CDL as a 'strongly worded' letter containing 'stern demands'"); *Havas Worldwide*, 2015 WL 5710984, at *3 ("[T]here is no question that plaintiffs understood them to mean that a lawsuit by Lionsgate was imminent. In fact, in its June 26, 2015 email to Lionsgate, plaintiffs expressly stated that they were filing the instant action *because* Lionsgate 'repeatedly threatened litigation if [its] demands were not met.'"); *Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609, 613–15 (S.D.N.Y. 2013) ("Travelers' clear statement of its 'intention to file suit' and Cephalon's admission that it acted on that threat are sufficient to render Cephalon's action improperly anticipatory."); *Crosman*, 2008 WL 4347528, at *4–5 ("Plaintiff obviously understood Defendant's threats of litigation as such, since it claims that it commenced this action 'to vindicate its rights in the face of [Defendant's] threats of injunctive relief, damages, and impoundment.'"). Because Kule admits this action was an anticipatory response to Alfwear filing suit, this Court should dismiss, transfer, or stay this action in favor of the Utah action.

### B.     The Lack of Progress Weighs Against Applying the First-to-File Rule Here.

"The presumption in favor of the first-filed suit is also diminished where, as here, there have been only minimal proceedings in the first-filed action." *Michael Miller Fabrics*, 2012 WL 2065294, at *5–6; *see also AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, No. 14-CV-2792 SAS, 2014 WL 3778200, at *4 (S.D.N.Y. July 30, 2014) ("Because the [first-filed action] has not progressed significantly, the first-filed rule is entitled to less deference."); *Pippins v. KPMG LLP*, No. 11 CIV. 0377 CM, 2011 WL 1143010, at *4 (S.D.N.Y. Mar. 21, 2011) ("[A]pplication of the first-filed rule is diminished where there has been little progress in the first-filed action."); *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 489 (S.D.N.Y. 2007), *aff'd sub nom. New York Marine & Gen. Ins.*

*Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ("[Where] the court with the first filed action has done little with respect to it, the rule carries less weight."); *Findwhat.Com v. Overture Servs., Inc.*, No. 02 CIV. 447(MBM), 2003 WL 402649, at *5 (S.D.N.Y. Feb. 21, 2003) (taking the lack of progress in either litigation "into consideration in deciding whether to make an exception to the first-filed rule"); *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 441 (S.D.N.Y. 2000) ("A lack of progress in either litigation may also warrant an exception to the first-filed rule."); *In re Arb. between Griffin Indus., Inc. & Petrojam, Ltd.*, 58 F. Supp. 2d 212, 218 (S.D.N.Y. 1999) ("[T]he lack of progress in either litigation support[s] the exercise of the Court's discretion in rejecting the first-filed rule."); *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158–59 (S.D.N.Y. 1996) ("[N]o further progress has been made in this action that would militate against transfer to another district.").

### C.     Public Policy Weighs Against Applying the First-to-File Rule Here.

"'The policy of promoting the amicable settlement of disputes also weighs in favor of' the [Utah] action." *Riviera Trading*, 944 F. Supp. at 1158–59 (quoting *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992)). "Potential plaintiffs should be encouraged to attempt settlement discussions . . . prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to instigate litigation in a district of its own choosing before the plaintiff files a complaint." *Id.* at 1159; *see also Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) ("There are strong policy reasons to encourage cease and desist letters. They are normally used to warn an alleged rights infringer that its conduct, if continued, will be challenged in a legal proceeding, and to facilitate resolution of a dispute without resort to litigation."). "Courts are therefore understandably loath to create a disincentive for parties to issue cease-and-desist letters." *Jaccard*, 2016 WL 9460720, at *3–4. "Allowing [Kule] to proceed in this forum based

on the first-filed rule would undermine the policy of promoting good faith efforts to achieve a settlement." *Id*. "[W]here . . . a declaratory judgment action has been triggered by a cease and desist letter" that both seeks settlement and notifies the party of the possibility of litigation upon the collapse of negotiations, "equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006). "[A]llowing anticipatory filers to secure the benefit of a chosen venue would discourage parties from attempting to resolve their disputes without resorting to litigation." *Michael Miller Fabrics*, 2012 WL 2065294, at *5–6. Accordingly, the Utah action should take precedence over this action.

## V.   CONCLUSION

For the forgoing reasons, Kule's Amended Complaint for Declaratory Judgment should be dismissed, should be transferred to the United States District Court for the District of Utah, or should be stayed pending resolution of the Utah Action.

DATED this 20th day of July, 2023.

RAY QUINNEY & NEBEKER P.C.

/s/ S. Brandon Owen
S. Brandon Owen
Adam K. Richards

/s/ Trent H. Baker
Trent H. Baker
Baker IP PLLC

*Attorneys for Plaintiff Alfwear, Inc.*

1643564

on the first-filed rule would undermine the policy of promoting good faith efforts to achieve a settlement." *Id*. "[W]here . . . a declaratory judgment action has been triggered by a cease and desist letter" that both seeks settlement and notifies the party of the possibility of litigation upon the collapse of negotiations, "equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006). "[A]llowing anticipatory filers to secure the benefit of a chosen venue would discourage parties from attempting to resolve their disputes without resorting to litigation." *Michael Miller Fabrics*, 2012 WL 2065294, at *5–6. Accordingly, the Utah action should take precedence over this action.

## V.   CONCLUSION

For the forgoing reasons, Kule's Amended Complaint for Declaratory Judgment should be dismissed, should be transferred to the United States District Court for the District of Utah, or should be stayed pending resolution of the Utah Action.

DATED this 20th day of July, 2023.

RAY QUINNEY & NEBEKER P.C.

/s/ S. Brandon Owen
S. Brandon Owen
Adam K. Richards

/s/ Trent H. Baker
Trent H. Baker
Baker IP PLLC

*Attorneys for Plaintiff Alfwear, Inc.*

1643564